IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STEVEN E. CARDWELL, :
    Plaintiff, :
    v. : Civ. No. 15-888-RGA
TAYLOR FINGER, et al., :
    Defendants. :

Steven E. Cardwell, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 4, 2015
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Steven E. Cardwell, an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 6). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

Plaintiff showered on May 27, 2015, and complained to Defendant C/O Marc Thomas about the length of time he remained locked in the shower waiting to return to his cell. Plaintiff alleges that, as a result of his complaint, Thomas and Defendant C/O Taylor Finger left him in the shower for nearly three and one-half hours. Plaintiff made a comment to Thomas and Finger when they came to release Plaintiff from the shower and, first, Finger, and then, Thomas, cap stunned (or pepper sprayed) Plaintiff. During the time they were spraying Plaintiff, both officers ordered Plaintiff to turn around to "cuff up." Plaintiff alleges that he followed the order because his face was on fire and he could not breathe. Plaintiff was ordered off the tier by both officers and placed on his stomach. He alleges that Thomas kneed him on his neck because Plaintiff kept moving his head.

Plaintiff was taken to another room and later seen by a nurse. Once he was medically cleared, Plaintiff was taken to isolation and informed that he would be receiving a write-up. That evening Plaintiff received the disciplinary report written by Finger charging him with several infractions. Plaintiff alleges that the disciplinary report contains false information.

The next day Defendant Lt. Larry Savage held a disciplinary hearing in Plaintiff's cell. Plaintiff explained that the write-up was a lie. Plaintiff told Savage he had

witnesses he wanted to call and asked Savage to review the camera footage and to investigate the incident. Plaintiff alleges that Savage refused, and he found Plaintiff guilty. He told Plaintiff that the infractions merited 90 days in isolation, but that he was only imposing 30 days.

Plaintiff was subsequently informed that the May 27, 2015 incident was being investigated. He was removed from isolation on June 1, 2015, after five days. Plaintiff's property was returned to him on June 3, 2015. He alleges that half his property was missing and that the property form indicated that Thomas had packed and inventoried his property. Plaintiff alleges that Finger and Thomas were terminated as a result of the incident. Plaintiff alleges that Defendant Warden Pierce should be held accountable for the acts of Thomas and Finger given Thomas' lengthy history of misconduct. Plaintiff seeks compensatory and punitive damages and a transfer to the Pennsylvania Department of Corrections.

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however

2

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A

3

complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the Court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**Respondeat Superior.**

Plaintiff named Warden Pierce as a defendant because "he should be held accountable for his officers' actions." It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Ashcroft*, 556 U.S. at 676-77; *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. 2009) (holding that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). The complaint does not allege any direct or personal involvement by Warden Pierce other than in his capacity as the HRYCI Warden. Indeed, Plaintiff simply states that Warden should be held accountable for his officers' actions. Accordingly, Plaintiff's claim against Warden Pierce will be dismissed as

frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) because it rests impermissibly on a theory of supervisory liability.

**Due Process.**

Plaintiff alleges that Savage, who held the disciplinary hearing, did not allow him to call witnesses and found him guilty in the face of a false disciplinary report.[1] In *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974), the United States Supreme Court identified the minimum procedural due process rights to be afforded a prisoner accused of misconduct that may result in sanctions. The prisoner has: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. As a result of being found guilty of misconduct and, following a hearing, Plaintiff received as a sanction thirty days in isolation, although it appears he served only five days.

To the extent Plaintiff alleges that he did not receive the procedural due process he was due, he cannot prevail. If "restraints on a prisoner's freedom are deemed to fall 'within the expected perimeters of the sentence imposed by a court of law,' "then the

---

[1]To the extent Plaintiff attempts to raise a false disciplinary report claim, the claim fails. The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002)). The complaint alleges that a disciplinary hearing was held and, at the hearing, Plaintiff asserted the report contained false information.

5

prisoner does not have a "protected liberty interest" and the "state owed him no process before placing him in disciplinary confinement." *Mitchell v. Horn*, 318 F.3d at 531; *see also Henderson v. Kerns-Barr*, 313 F. App'x 451, 452 (3d Cir. 2008) (assuming that plaintiff was not afforded the protections called for by *Wolff*, but nevertheless holding there was no liberty interest and therefore no trigger of due process rights because the sanction of 90 days disciplinary confinement did not affect the inmate's release date). According to the allegations in the complaint, Plaintiff spent five days in isolation, an amount of time that does not implicate a protected liberty interest. He therefore lacks the requisite liberty interest to implicate a due process violation. Therefore, the court will dismiss the claims against Savage as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

**Personal Property.**

Plaintiff alleges that Thomas packed and inventoried his property and, when it was returned, half his property was missing. To the extent that Plaintiff seeks recovery for the missing property under 42 U.S.C. § 1983, the claim fails. A due process claim based on the deprivation of personal property is not actionable under § 1983 unless there is no adequate post-deprivation remedy available. *See Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overruled on other grounds by* 474 U.S. 327 (1986)); *Harris v. McMullen*, 609 F. App'x 704, 705 (3d Cir. 2015). Because Delaware provides an adequate remedy by filing a common law claim for conversion of property, Plaintiff cannot maintain a cause of action pursuant to § 1983. *Harris*, 609 F. App'x at 705. Plaintiff's claim is subject to summary dismissal and will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

6

For the above reasons, the Court will dismiss Defendants Warden David Pierce and Lt. Larry Savage, as well as the personal property claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). Plaintiff may proceed with his claims against Defendants Taylor Finger and Marc Thomas.

The Court will dismiss as moot the motion to compel the addresses of Finger and Thomas. (D.I. 5).

An appropriate order will be entered.